IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| SHUPING "GRACE" SHEN, | ) |
| Plaintiff, | ) Case No. 5:20-cv-06175 |
| v. | ) Removed From: |
| AVIATION TECHNICAL SERVICES, INC., | ) Circuit Court of Platte County, MO |
| | ) Case No. 20AE-CC00296 |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Aviation Technical Services, Inc. ("Defendant"), appears in the above-captioned action for the purpose of removing to the United States District Court for the Western District of Missouri the action styled *Shuping "Grace" Shen v. Aviation Technical Services, Inc.*, Case No. 20AE-CC00296 currently pending in the Circuit Court of Platte County, Missouri. Defendant removes this case on the basis of federal question and supplemental jurisdiction. In support of its Notice of Removal, Defendant states as follows:

**I.  STATE COURT ACTION AND TIMELINESS OF REMOVAL**

1. On October 30, 2020, Plaintiff commenced the above-captioned action in the Circuit Court of Platte County, Missouri by filing her Petition in the action styled *Shuping "Grace" Shen v. Aviation Technical Services, Inc.*, Case No. 20AE-CC00296

2. On November 3, 2020, Defendant was served with a copy of the summons and Petition.

3. Under §§ 1441 and 1446, removal is timely if it is filed within 30 days after receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief.

4. Accordingly, Defendant is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

5. The Circuit Court of Platte County, Missouri is located within the United States District Court for the Western District of Missouri. 28 U.S.C. § 105. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## II. FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

6. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Plaintiff's Petition for Damages alleges that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") (Counts II, VI, IX), and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") (Counts IV, VII, and X), and asserts related claims under the Missouri Human Rights Act ("MHRA") Mo. Rev. Stat. § 213, *et seq.* for sex discrimination/harassment and disability discrimination/harassment, and retaliation related to the same. *See* Pet. at ¶¶ 51-192.

8. By asserting claims under federal law, *i.e.*, Title VII and the ADA, Plaintiff's Petition asserts a federal question under 28 U.S.C. §1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

9. This Court has supplemental jurisdiction over Plaintiff's state law claim(s) for sex and disability discrimination/harassment, and retaliation related to reporting the same, asserted under the MHRA. Indeed, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal cause(s) of action "that they form

2

part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

10. Here, Plaintiff's state law claims for sex and disability discrimination/harassment, and retaliation for reporting complaints of the same, relate closely to her Title VII and ADA discrimination and retaliation claims. Specifically, the claims all arise out of a common nucleus of operative facts: Plaintiff's employment with Defendant. As a result, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of state law, nor do they predominate over the federal claims for which this Court has original jurisdiction. Finally, there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c).

12. Accordingly, this removal is proper on the basis of federal question jurisdiction under 28 U.S.C. § 1441(c).

### III. CONCLUSION

13. In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Clerk of the Circuit Court of Platte County, Missouri. A copy of Defendant's court file is attached hereto as **Exhibit A**.

14. By removing this matter, Defendant does not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process, or failure to state various claims.

3

WHEREFORE, Defendant Aviation Technical Services, Inc. respectfully requests this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Circuit Court of Platte County, Missouri to the United States District Court for the Western District of Missouri.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Shelley I. Ericsson
Shelley I. Ericsson      MO #48047
AnnRene Coughlin      MO #67962
4520 Main Street, Suite 400
Kansas City, MO  64111
816.471.1301
816.471.1303 (*Facsimile*)
shelley.ericsson@ogletree.com
annrene.coughlin@ogletree.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 2nd day of December 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and a copy of same was sent by U.S. mail to the following:

Garrett M. Hodes      MO #50221
HODES LAW FIRM, LLC
900 Westport Road, 2nd Floor
Kansas City, MO  64111
816.931.1718
816.994.6276 (*Facsimile*)
garrett@hodeslawfirm.com

**ATTORNEYS FOR PLAINTIFF**

/s/ Shelley I. Ericsson
**ATTORNEY FOR DEFENDANT**

44978588.1