# EXHIBIT A

Electronically Filed - Platte - October 30, 2020 - 09:53 AM

## IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI

SHUPING "GRACE" SHEN,

                Plaintiff,

v.

AVIATION TECHNICAL SERVICES, INC.,

Please serve:

Registered Agent,
National Registered Agents, Inc.,
120 South Central Avenue,
Clayton, Missouri 63105,

                Defendant.

Case No.:

Division:

## PETITION FOR DAMAGES

COMES NOW Plaintiff, Shuping "Grace" Shen, by and through her undersigned counsel, and for her Petition for Damages against the Defendant, Aviation Technical Services, Inc., states as follows:

1.     Plaintiff, Shuping "Grace" Shen, is a female individual residing in Platte County, Missouri.

2.     Defendant Aviation Technical Services, Inc. (hereinafter "Defendant" or "ATS") is a Washington corporation that transacts business at one of its principal places of business in Platte County, Missouri. Defendant ATS may be served by serving its Registered Agent, National Registered Agents, Inc., 120 South Central Avenue, Clayton, Missouri 63105.

3.     Defendant ATS has had more than 15 employees in the state of Missouri in the last calendar year and is an "employer" within the meaning of Missouri law, at Mo. Rev. Stat § 213.010(8), and federal law, at 42 U.S.C. §§ 2000e-(b), (g) and (h), and 42 U.S.C. § 12111(5)

## JURISDICTION AND VENUE

4.      This Court has personal jurisdiction over Defendant ATS because it maintains its principal place of business in Kansas City, Platte County, Missouri and as to both Defendants because the acts complained of in this Petition violated Missouri law and occurred in Platte County, Missouri.

5.      On or about February 24, 2020, Plaintiff, acting *pro se*, filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights, alleging discrimination by Defendant Aviation Technical Services, Inc. based on her sex/gender, disability, and retaliation. The Charges were designated as EEOC Charge No. 563-2020-01213 and Missouri Commission on Human Rights Charge No. FE-2/20-31680. Copies of these documents are attached hereto as **Exhibit 1** and incorporated herein as though fully set forth.

6.      On or about August 11, 2020, the Equal Employment Opportunity Commission issued its Notice of Right to Sue. A copy of this document is attached hereto as **Exhibit 2** and incorporated herein as though fully set forth.

7.      On or about September 21, 2020, the Missouri Commission on Human Rights issued its Notice of Right to Sue. A copy of this document is attached hereto as **Exhibit 3** and incorporated herein as though fully set forth.

8.      This lawsuit is being filed within ninety (90) days of receipt of the letters mentioned above.

9.      The Charge(s) of Discrimination attached as **Exhibit 1** provided both the MCHR and EEOC sufficient opportunity to investigate the full scope of the controversy between the

parties and, accordingly, the sweep of this Petition may be and is as broad as the scope of the investigation which could reasonably be expected to have grown out of the Charge.

**ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION**

10.     Plaintiff, Shuping "Grace" Shen, is a female that was born on March 4, 1960 and is 60 years old. She is a member of protected classes under the Missouri Human Rights Act.

11.     Ms. Shen was hired by ATS on January 22, 2018 to work as a Logistics Assistant at its Kansas City facility.

12.     Plaintiff is of Chinese descent and has difficulty speaking English, which is apparent to anyone who interacts with her and was well known by Defendants, including her supervisors, which included Ms. Tralaena McCall, Ms. Tabatha Nelson, Ms. Riki Donner, and her co-workers.

13.     During the time Plaintiff was employed by Defendant, she was "disabled" as defined by state and federal law. Specifically, Plaintiff had a mental impairment (including depression, post-traumatic stress, and anxiety) that substantially limited one or more of her major life activities." These activities included, but are not limited to, eating, sleeping, speaking, concentrating, thinking, communicating, and working.

14.     Defendant was, as set forth below, aware of this impairment and Plaintiff's disabilities, and her record of impairment, and regarded her as disabled.

15.     ATS is in the business of repairing and overhauling commercial aircraft. It has facilities in Kansas City, Missouri, Washington, and Texas and several hundred employees nationwide.

16.     Prior to the time Plaintiff was hired to work at ATS, she and a man named Robert Tuggle had been involved in a romantic relationship.

17.     At all times referenced in this Petition, Robert Tuggle was also employed by Defendant ATS as a "lead mechanic."

18.     Robert Tuggle helped Plaintiff to secure her job at ATS. At the time he helped Plaintiff to secure her job at ATS, Tuggle represented to her that ATS regularly refused to hire people over age 55 and that they would be making an exception to hire her. Plaintiff believed that this representation was true.

19.     During their relationship, Defendant Tuggle was physically and mentally abusive and controlling and, at times, physically aggressive and/or violent.

20.     Because he had helped Plaintiff obtain her job, and in connection with his abuse of Plaintiff, Defendant Tuggle repeatedly threatened and manipulated Plaintiff by informing her that he could cause her to be terminated and/or to lose her job.

21.     Because Defendant Tuggle was a lead mechanic, he had supervisory power over Plaintiff. Additionally, even if Tuggle did not have authority to individually or personally affect her employment at ATS, Plaintiff reasonably believed that Defendant Tuggle in fact had supervisory authority over her and the ability and power to significantly influence employment decisions affecting her, as set forth at 8 C.S.R. § 60-3.040(17)(D).

22.     Also in connection with his abuse of Plaintiff, Tuggle repeatedly informed her that nobody would believe that he was mentally and physically abusive towards her because (in his mind) she was of low intelligence and could not speak English well.

23.     Plaintiff and Tuggle ended their personal relationship in September 2018. Both continued to work at ATS.

24.     During their employment at ATS, and after their relationship ended, Tuggle created a hostile work environment for Plaintiff based upon her sex and disability. In connection with

4

creating a hostile work environment for Plaintiff, Tuggle assaulted and battered Plaintiff, made physical threats to Plaintiff, and engaged in unwanted touching and humiliating actions, and other instances of verbal abuse and harassment (often by text message), all that interfered with Plaintiff's work performance and that was sufficiently severe or pervasive to affect a term, condition, or privilege of Plaintiff's employment.

25.     As a result of the abuse she endured from Tuggle while working ATS, Plaintiff feared for her safety at work, her job security, and developed exacerbated mental health problems and depression, implicating her disabilities, that affected her physically and cause her work to suffer.

26.     Throughout her employment at ATS, Plaintiff sent several emails and made several reports to her superiors concerning Robert Tuggle's harassment and controlling behavior which interfered with their work at ATS. Upon information and belief, Defendant made no effort to investigate these reports or to monitor Tuggle following Plaintiff's reports until shortly before they decided to terminate Plaintiff.

27.     On or about November 12, 2018, Plaintiff reported to Ms. McCall and Ms. Nelson during a meeting that Tuggle had engaged in controlling behavior over her and the threats he had made to her concerning her employment. Upon information and belief, Defendant made no effort to investigate this specific report or to monitor Tuggle following Plaintiff's reports.

28.     On or about Saturday, November 17, 2018 at approximately 9:00 p.m., Tuggle assaulted and battered Plaintiff in a basement area at ATS while both were working.

29.     Prior to the assault, Tuggle came to Plaintiff's workstation in a toolroom and asked Plaintiff to help him find some matching screws. This required a trip to the warehouse, which was

about 50 yards away through an industrial area. Tuggle informed Plaintiff that he would show her a different way to get there and led Plaintiff into a secure basement area.

30.     In the basement area, Tuggle accused Plaintiff of flirting with, and "showing her sexy body" to other mechanics and told her that "she belonged to him."  Thereafter, he assaulted and battered Plaintiff by placing her in a bear hug, groping her rear end, and attempting to kiss her.

31.     After the assault and battery, Plaintiff fled the area.

32.     After the assault and battery, Plaintiff's mental health declined, which interfered with and limited her major life activities. She became severely depressed and anxious, which necessitated that she seek counseling, take medicine, and that caused her work to suffer.

33.     In a March 14, 2019 meeting with Ms. McCall and Ms. Nelson, Plaintiff again made several complaints to Defendant ATS concerning Tuggle, his threats, and the hostile work environment she endured at ATS. Plaintiff also repeated the threats made by Tuggle to her concerning her employment at ATS.

34.     During this meeting, the parties discussed Plaintiff's disability and mental health needs. Also, during this meeting, the parties discussed issues Plaintiff was having with her co-workers resulting from her disability and mental health needs and inability to effectively communicate with them in English.

35.     Following this meeting, Defendant internally acknowledged Tuggle's threats made to Plaintiff and acknowledged that there were potential safety concerns involving Tuggle and Plaintiff.

36.     Following this meeting, Defendant again failed to take significant remedial and disciplinary action against Tuggle and permitted the hostile work environment to endure. Also

6

following this meeting, and upon information and belief, Defendant continued in its failure to investigate Plaintiff's complaints concerning Tuggle or to monitor him.

37.     Shortly after this meeting, Plaintiff required inpatient care due to mental health issues and depression she was experiencing.

38.     On or about April 2, 2019, Plaintiff requested from ATS leave permitted by the Family and Medical Leave Act and to accommodate her disability.  At the time she requested leave, Plaintiff reported the leave was needed for her depression and to obtain necessary inpatient care and psychiatric treatment.

39.     Despite receiving this information, and having previously received complaints from Plaintiff concerning Tuggle, Defendant ATS continued with its failure to investigate Plaintiff's complaints concerning Tuggle.

40.     Thereafter, Plaintiff took brief leave on several occasions.

41.     On or about June 30, 2019, Plaintiff received a commendation letter and raise in recognition of her job performance and accomplishments.

42.     On or about August 16, 2019, Plaintiff made another report to Defendants concerning abusive and controlling behavior by Robert Tuggle.

43.     In September 2019, Plaintiff was forced to leave her home due to abuse and harassment by Robert Tuggle. During this time she stayed in a domestic violence shelter.

44.     On September 25, 2019, after returning from having taken FMLA leave, Ms. Shen again reported the abuse and harassment and text messaging she had endured at work by Tuggle to representatives of Defendant ATS. She also reported that she had obtained an order of protection from Tuggle and was staying at a domestic violence shelter.

45.     On September 27, 2019, Ms. Shen reported, for another time, the abuse and harassment she had endured at work by Tuggle to representatives of Defendant ATS. She also reported that Robert was using co-workers to attempt to communicate with her.

46.     Following each of these reports, Defendant ATS continued with its failure to reasonably investigate Plaintiff's complaints of harassment and discrimination by Tuggle, and disregarded those complaints because of Plaintiff's disability, and as an excuse to avoid potential liability.

47.     To the extent any investigation was eventually done, by questioning Defendant Tuggle, Tuggle falsely claimed that Plaintiff was an instigator and sought to weaponize Plaintiff's disability and his abuse of Plaintiff against Plaintiff. Although Defendant ATS knew or should have known that these claims were false, they accepted them in order to provide them with a pretextual basis to discriminate against and to terminate Plaintiff.

48.     On October 3, 2019, Plaintiff was in the breakroom before work and was preparing to take medicine for her anxiety and depression prior to her shift. Defendant's employees interrupted her and took her into a meeting with three ATS representatives.

49.     During this meeting ATS's representatives accused Plaintiff of threatening to kill Robert Tuggle. Plaintiff was then suspended. During this meeting, Ms. Shen started crying and became angry at the accusations being made against her and Defendant's failure to understand what she was saying to them because of her emotional state and language barriers. Defendant ATS then escalated the situation and embarrassed Plaintiff by calling the police to escort her off the premises.

50.     On or about October 7, 2019, Plaintiff was terminated by Defendant via telephone.

## COUNT I – DISCRIMINATION BASED ON SEX/GENDER
### (Missouri Human Rights Act)

51.     Plaintiff hereby incorporates each of her allegations above in this Petition for Damages as though they were set forth fully below.

52.     Plaintiff, a female, is a member of a protected group pursuant to the Missouri Human Rights Act at Mo. Rev. Stat. § 213.055.1.

53.     Plaintiff was subjected to a work environment that was hostile and discriminatory based on and because of her gender and for reasons directly motivated by her sex or gender, in violation of Mo. Rev. Stat. § 213.055.1(1)(a) and 8 C.S.R. § 60-3.040(17).

54.     Specifically, while she was employed at ATS, Plaintiff was the subject of sexual harassment in violation of Mo. Rev. Stat. § 213.055.1(1)(a) and 8 C.S.R. § 60-3.040(17) by Robert Tuggle, and other employees.

55.     Because Defendant Tuggle was a lead mechanic, he had supervisory power over Plaintiff. Additionally, even if Tuggle did not have authority to individually or personally affect her employment at ATS, Plaintiff reasonably believed that Defendant Tuggle in fact had supervisory authority over her and the ability and power to significantly influence employment decisions affecting her, as set forth at 8 C.S.R. § 60-3.040(17)(D).

56.     Plaintiff made several complaints to Defendant, through her supervisors, during her employment about Tuggle and the hostile work environment she endured.

57.     The hostile work environment and discrimination affected a term, condition, or privilege of Plaintiff's employment with Defendant, including the fact that Plaintiff was disciplined and then wrongfully terminated as set forth above because of and for reasons directly motivated by her sex and gender.

58.     Defendant knew, because of Plaintiff's complaints or should have known of, the discrimination and hostility and failed to take or implement prompt and effective remedial action to remedy the hostile work environment and discrimination.

59.     Defendant maintained inadequate and ineffective written and unwritten policies, procedures, or guidelines with respect to discrimination and retaliation for reports of discrimination based on sex or gender.

60.     Defendant maintained inadequate and ineffective written and unwritten policies, procedures, or guidelines with respect to the investigation of discrimination complaints for reports of discrimination based on sex or gender and failed to reasonably investigate Plaintiff's complaints.

61.     As set forth above, Defendants unlawfully terminated Plaintiff's employment on or about October 7, 2019, after Plaintiff made complaints on September 25, 2019 and September 27, 2019, and on earlier dates including November 12, 2018 and March 14, 2019, about Defendant Tuggle and the discrimination and harassment she suffered on account of her sex and gender.

62.     The termination was retaliatory and was directly related to and motivated by Plaintiff's complaints on September 25, 2019 and September 27, 2019 and prior complaints and reports.

63.     In doing so, Defendant willfully violated Missouri's Human Rights Act, at Mo. Rev. Stat. § 213.055.1(1)(a).

64.     As a direct, foreseeable, and proximate result of Defendant's unlawful acts and omissions, including the discrimination and hostile work environment described herein, Plaintiff has been caused to suffer: (a) economic loss, including lost wages, lost benefits, medical expenses, and related consequential damages; and (b) professional losses in the form of a job record

10

reflecting a termination, loss of employment, and a diminished career potential; and (c) mental distress and suffering in the form of embarrassment, humiliation, depression, and anxiety.

65.     Plaintiff has also incurred attorneys' fees and litigation costs and expenses. Pursuant to the Missouri Human Rights Act, Mo. Rev. Stat. § 213.111, Plaintiff is entitled to and hereby requests an award of attorney's fees and litigation costs and expenses and post judgment interest at the highest lawful rate on any award or verdict provided.

66.     In engaging in the unlawful employment practices described herein, Defendant acted in conscious and reckless disregard for Plaintiff's physical and emotional well-being and her protected civil rights. This reckless disregard will be established by evidence that Defendant knew of the harassment directed towards Plaintiff and failed to adequately remedy the situation and by evidence of its failure to properly investigate her complaints of harassment and discrimination.

67.     The actions of Defendant were malicious, willful, wanton, and in complete indifference to Plaintiff's rights. These actions are sufficient to justify the award of punitive damages to deter Defendant and other similarly situated defendants from like conduct in the future.

WHEREFORE, Plaintiff prays that the Court award her actual, compensatory, statutory and punitive damages in an amount greater than $25,000, along with costs and expenses and such other relief, including pre-and post-judgment interest as applicable, an award of attorney's fees and litigation costs and expenses, and such other relief that the Court deems fair and just and as is lawful under the circumstances.

## COUNT II – DISCRIMINATION BASED ON SEX AND GENDER
### (Title VII of the Civil Rights Act of 1964)

68.     Plaintiff hereby incorporates each of her allegations above in this Petition for Damages as though they were set forth fully below.

69.     Plaintiff, a female, is a member of a protected group pursuant to the Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e-2.

70.     Plaintiff was subjected to a work environment that was hostile and discriminatory based on and because of her gender and for reasons directly motivated by her sex and/or gender, in violation of the Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e-2.

71.     Specifically, while she was employed at ATS, Plaintiff was the subject of sexual harassment by Robert Tuggle, and other employees.

72.     Defendant Tuggle was a lead mechanic, he had supervisory power over Plaintiff. Additionally, even if Tuggle did not have authority to individually or personally affect her employment at ATS, Plaintiff reasonably believed that Defendant Tuggle in fact had supervisory authority over her and the ability and power to significantly influence employment decisions affecting her, as set forth at 8 C.S.R. § 60-3.040(17)(D) and under applicable federal law.

73.     Plaintiff made several complaints to Defendant, through her supervisors, during her employment about Defendant Tuggle and the hostile work environment she endured.

74.     The hostile work environment and discrimination affected a term, condition, or privilege of Plaintiff's employment with Defendant, including the fact that Plaintiff was disciplined and then wrongfully terminated as set forth above because of and for reasons directly motivated by her sex and gender.

75.     Defendant knew, because of Plaintiff's complaints or should have known of, the discrimination and hostility and failed to take or implement prompt and effective remedial action to remedy the hostile work environment and discrimination.

76. Defendant maintained inadequate and ineffective written and unwritten policies, procedures, or guidelines with respect to discrimination and retaliation for reports of discrimination based on sex or gender.

77. Defendant maintained inadequate and ineffective written and unwritten policies, procedures, or guidelines with respect to the investigation of discrimination complaints for reports of discrimination based on sex or gender and failed to reasonably investigate Plaintiff's complaints.

78. As set forth above, Defendants unlawfully terminated Plaintiff's employment on or about October 7, 2019, after Plaintiff made complaints on September 25 and September 27, 2019, and on earlier dates including November 12, 2018 and March 14, 2019, about Defendant Tuggle and the discrimination and harassment she suffered on account of her sex and gender.

79. The termination was retaliatory and was directly related to and motivated by Plaintiff's complaints on September 25, 2019 and September 27, 2019 and prior complaints and reports.

80. In doing so, Defendant willfully violated Title VII of the Civil Rights Act of 1964, at 42 U.S.C. § 2000e-2.

81. As a direct, foreseeable, and proximate result of Defendant's unlawful acts and omissions, including the discrimination and hostile work environment described herein, Plaintiff has been caused to suffer: (a) economic loss, including lost wages, lost benefits, medical expenses, and related consequential damages; and (b) professional losses in the form of a job record reflecting a termination, loss of employment, and a diminished career potential; and (c) mental distress and suffering in the form of embarrassment, humiliation, depression, and anxiety.

13

82.     Plaintiff has also incurred attorneys' fees and litigation costs and expenses. Pursuant to Title VII of the Civil Rights Act of 1964, at 42 U.S.C. §2000e-5, Plaintiff is entitled to and hereby requests an award of attorney's fees and litigation costs and expenses and post judgment interest at the highest lawful rate on any award or verdict provided.

83.     In engaging in the unlawful employment practices described herein, Defendant acted in conscious and reckless disregard for Plaintiff's physical and emotional well-being and her protected civil rights. This reckless disregard will be established by evidence that Defendant knew of the harassment directed towards Plaintiff and failed to adequately remedy the situation and by evidence of its failure to properly investigate her complaints of harassment and discrimination.

84.     The actions of Defendant were malicious, willful, wanton, and in complete indifference to Plaintiff's rights. These actions are sufficient to justify the award of punitive damages to deter Defendant and other similarly situated defendants from like conduct in the future.

WHEREFORE, Plaintiff prays that the Court award her actual, compensatory, statutory and punitive damages in an amount greater than $25,000, along with costs and expenses and such other relief, including pre-and post-judgment interest as applicable, an award of attorney's fees and litigation costs and expenses, and such other relief that the Court deems fair and just and as is lawful under the circumstances.

### COUNT III –DISCRIMINATION BASED ON DISABILITY
### (Missouri Human Rights Act)

85.     Plaintiff hereby incorporates each of her allegations above in this Petition for Damages as though they were set forth fully below.

86.     Plaintiff, a disabled female, as set forth above, is a member of a protected group pursuant to the Missouri Human Rights Act at Mo. Rev. Stat. § 213.055.1 and 8 C.S.R. § 60-3.060.

87.     Plaintiff was subjected to a work environment that was hostile and discriminatory based on and because of her disabilities and for reasons directly motivated by her disabilities, in violation of Mo. Rev. Stat. § 213.055.1(1)(a) and 8 C.S.R. § 60-3.060.

88.     Specifically, while she was employed at ATS, Plaintiff was the subject of unwelcome harassment in violation of Mo. Rev. Stat. § 213.055.1(1)(a) and 8 C.S.R. § 60-3.060 by Robert Tuggle and other employees.

89.     Defendant Tuggle was a lead mechanic, he had supervisory power over Plaintiff. Additionally, even if Tuggle did not have authority to individually or personally affect her employment at ATS, Plaintiff reasonably believed that Defendant Tuggle in fact had supervisory authority over her and the ability and power to significantly influence employment decisions affecting her, as set forth at 8 C.S.R. § 60-3.040(17)(D).

90.     Plaintiff made several complaints to Defendant, through her supervisors, during her employment about Tuggle and the hostile work environment she endured from him and her and other co-workers.

91.     The hostile work environment and discrimination affected a term, condition, or privilege of Plaintiff's employment with Defendant, including the fact that Plaintiff was disciplined and then wrongfully terminated as set forth above because of and for reasons directly motivated by her disabilities.

92.     For example, at times Plaintiff wrote self-deprecating notes to herself. When Defendant discovered those notes, it treated those notes as disciplinary matters and as if they were insults and threats to Plaintiff's co-workers, when in fact they were not, but were products of her coping mechanisms with her disability.

15

93.     Defendant knew, because of Plaintiff's complaints or should have known of, the discrimination and hostility and failed to take or implement prompt and effective remedial action to remedy the hostile work environment and discrimination.

94.     Defendant maintained inadequate and ineffective written and unwritten policies, procedures, or guidelines with respect to discrimination and retaliation for reports of discrimination based on disability.

95.     Defendant maintained inadequate and ineffective written and unwritten policies, procedures, or guidelines with respect to the investigation of discrimination complaints for reports of discrimination based on disability and failed to reasonably investigate Plaintiff's complaints.

96.     As set forth above, Defendant unlawfully terminated Plaintiff's employment on or about October 7, 2019, after Plaintiff made complaints on September 25 and September 27, 2019, and on earlier dates including November 12, 2018 and March 14, 2019, about Defendant Tuggle and other co-workers and the discrimination and harassment she suffered on account of her disabilities.

97.     The termination was retaliatory and was directly related to and motivated by Plaintiff's complaints on September 25, 2019 and September 27, 2019, and prior complaints and reports.

98.     In doing so, Defendant willfully violated Missouri's Human Rights Act.

99.     As a direct, foreseeable, and proximate result of Defendant's unlawful acts and omissions, including the discrimination and hostile work environment described herein, Plaintiff has been caused to suffer: (a) economic loss, including lost wages, lost benefits, medical expenses, and related consequential damages; and (b) professional losses in the form of a job record

reflecting a termination, loss of employment, and a diminished career potential; and (c) mental distress and suffering in the form of embarrassment, humiliation, depression, and anxiety.

100.    Plaintiff has also incurred attorneys' fees and litigation costs and expenses. Pursuant to the Missouri Human Rights Act, Mo. Rev. Stat. § 213.111, Plaintiff is entitled to and hereby requests an award of attorney's fees and litigation costs and expenses and post judgment interest at the highest lawful rate on any award or verdict provided.

101.    In engaging in the unlawful employment practices described herein, Defendant acted in conscious and reckless disregard for Plaintiff's physical and emotional well-being and her protected civil rights. This reckless disregard will be established by evidence that Defendant knew of the harassment directed towards Plaintiff and failed to adequately remedy the situation and by evidence of its failure to properly investigate her complaints of harassment and discrimination.

102.    The actions of Defendant were malicious, willful, wanton, and in complete indifference to Plaintiff's rights. These actions are sufficient to justify the award of punitive damages to deter Defendant and other similarly situated defendants from like conduct in the future.

WHEREFORE, Plaintiff prays that the Court award her actual, compensatory, statutory and punitive damages in an amount greater than $25,000, along with costs and expenses and such other relief, including pre-and post-judgment interest as applicable, an award of attorney's fees and litigation costs and expenses, and such other relief that the Court deems fair and just and as is lawful under the circumstances.

## COUNT IV –DISCRIMINATION BASED ON DISABILITY
### (Americans with Disabilities Act)

103.    Plaintiff hereby incorporates each of her allegations above in this Petition for Damages as though they were set forth fully below.

17

104.    Plaintiff, a disabled female, as set forth above, is a member of a protected group pursuant to the Americans with Disabilities Act, at 42 U.S.C. §§ 12102 and 12112.

105.    Plaintiff was subjected to a work environment that was hostile and discriminatory based on and because of her disabilities and for reasons directly motivated by her disabilities, in violation of the Americans with Disabilities Act, at 42 U.S.C. § 12112.

106.    Specifically, while she was employed at ATS, Plaintiff was the subject of unwelcome harassment due to her disabilities in violation of Americans with Disabilities Act, at 42 U.S.C. § 12112 by Robert Tuggle and other employees.

107.    Defendant Tuggle was a lead mechanic, he had supervisory power over Plaintiff. Additionally, even if Tuggle did not have authority to individually or personally affect her employment at ATS, Plaintiff reasonably believed that Defendant Tuggle in fact had supervisory authority over her and the ability and power to significantly influence employment decisions affecting her, as set forth at 8 C.S.R. § 60-3.040(17)(D) and under applicable federal law.

108.    Plaintiff made several complaints to Defendant, through her supervisors, during her employment about Defendant Tuggle and her coworkers and the hostile work environment she endured.

109.    The hostile work environment and discrimination affected a term, condition, or privilege of Plaintiff's employment with Defendant, including the fact that Plaintiff was disciplined and then wrongfully terminated as set forth above because of and for reasons directly motivated by her disabilities.

110.    For example, at times Plaintiff wrote self-deprecating notes to herself. When Defendant discovered those notes, it treated those notes as disciplinary matters and as if they were

insults and threats to Plaintiff's co-workers, when in fact they were not, but were products of her coping mechanisms with her disability.

111.    Defendant knew, because of Plaintiff's complaints or should have known of, the discrimination and hostility and failed to take or implement prompt and effective remedial action to remedy the hostile work environment and discrimination.

112.    Defendant maintained inadequate and ineffective written and unwritten policies, procedures, or guidelines with respect to discrimination and retaliation for reports of discrimination based on disability.

113.    Defendant maintained inadequate and ineffective written and unwritten policies, procedures, or guidelines with respect to the investigation of discrimination complaints for reports of discrimination based on disability and failed to reasonably investigate Plaintiff's complaints.

114.    As set forth above, Defendants unlawfully terminated Plaintiff's employment on or about October 7, 2019, after Plaintiff made complaints on September 25, 2019 and September 27, 2019, and on earlier dates including November 12, 2018 and March 14, 2019, about Tuggle and the discrimination and unwelcome harassment she suffered on account of her disabilities.

115.    The termination was retaliatory and was directly related to and motivated by Plaintiff's complaints on September 25, 2019 and September 27, 2019, and prior complaints and reports.

116.    In doing so, Defendant willfully violated the Americans with Disabilities Act.

117.    As a direct, foreseeable, and proximate result of Defendant's unlawful acts and omissions, including the discrimination and hostile work environment described herein, Plaintiff has been caused to suffer: (a) economic loss, including lost wages, lost benefits, medical expenses, and related consequential damages; and (b) professional losses in the form of a job record

19

reflecting a termination, loss of employment, and a diminished career potential; and (c) mental distress and suffering in the form of embarrassment, humiliation, depression, and anxiety.

118.     Plaintiff has also incurred attorneys' fees and litigation costs and expenses. Pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12205, Plaintiff is entitled to and hereby requests an award of attorney's fees and post judgment interest at the highest lawful rate on any award or verdict provided.

119.     In engaging in the unlawful employment practices described herein, Defendant acted in conscious and reckless disregard for Plaintiff's physical and emotional well-being and her protected civil rights. This reckless disregard will be established by evidence that Defendant knew of the harassment directed towards Plaintiff and failed to adequately remedy the situation and by evidence of its failure to properly investigate her complaints of harassment and discrimination.

120.     The actions of Defendant were malicious, willful, wanton, and in complete indifference to Plaintiff's rights. These actions are sufficient to justify the award of punitive damages to deter Defendant and other similarly situated defendants from like conduct in the future.

WHEREFORE, Plaintiff prays that the Court award her actual, compensatory, statutory and punitive damages in an amount greater than $25,000, along with costs and expenses and such other relief, including pre-and post-judgment interest as applicable, an award of attorney's fees and litigation costs and expenses, and such other relief that the Court deems fair and just and as is lawful under the circumstances.

## COUNT V – HOSTILE WORK ENVIRONMENT
### (Based on Sex and Disability - Missouri Human Rights Act)

121.     Plaintiff hereby incorporates each of her allegations above in this Petition for Damages as though they were set forth fully below.

122.    Plaintiff was subjected to a work environment that was hostile and discriminatory based on and because of her sex and gender and disabilities, and for reasons directly motivated by her sex and gender and disabilities.

123.    Plaintiff, a disabled female, is a member of a protected group pursuant to the Missouri Human Rights Act at Mo. Rev. Stat. § 213.055.1.

124.    Plaintiff was subjected to unwelcome harassment by Robert Tuggle and other employees, which was directly based upon her sex and gender and disabilities.

125.    Defendant Tuggle was a lead mechanic, he had supervisory power over Plaintiff. Additionally, even if Tuggle did not have authority to individually or personally affect her employment at ATS, Plaintiff reasonably believed that Defendant Tuggle in fact had supervisory authority over her and the ability and power to significantly influence employment decisions affecting her, as set forth at 8 C.S.R. § 60-3.040(17)(D) and under applicable federal law.

126.    Plaintiff made several complaints to Defendant, through her supervisors, during her employment about Defendant Tuggle and the hostile work environment she endured.

127.    The hostile work environment and discrimination affected a term, condition, or privilege of Plaintiff's employment with Defendant, including the fact that Plaintiff was disciplined and then wrongfully terminated as set forth above because of and for reasons directly motivated by her sex and gender and disabilities.

128.    Defendant knew, because of Plaintiff's complaints or should have known of, the discrimination and hostility and failed to take or implement prompt and effective remedial action to remedy the hostile work environment and discrimination.

129.     Defendant maintained inadequate and ineffective written and unwritten policies, procedures, or guidelines with respect to discrimination and retaliation for reports of discrimination based on sex and gender and disabilities.

130.     Defendant also maintained inadequate and ineffective written and unwritten policies, procedures, or guidelines with respect to the investigation of discrimination complaints for reports of discrimination based on sex and gender and disabilities.

131.     Defendant maintained inadequate and ineffective written and unwritten policies, procedures, or guidelines with respect to the investigation of discrimination complaints for reports of discrimination based on sex or gender or disability and failed to reasonably investigate Plaintiff's complaints.

132.     As a direct, foreseeable, and proximate result of Defendant's unlawful acts and omissions, including the discrimination and hostile work environment described herein, Plaintiff has been caused to suffer: (a) economic loss, including lost wages, lost benefits, medical expenses, and related consequential damages; and (b) professional losses in the form of a job record reflecting a termination, loss of employment, and a diminished career potential; and (c) mental distress and suffering in the form of embarrassment, humiliation, depression, and anxiety.

133.     Plaintiff has also incurred attorneys' fees and litigation costs and expenses. Pursuant to the Missouri Human Rights Act, Mo. Rev. Stat. § 213.111, Plaintiff is entitled to and hereby requests an award of attorney's fees and litigation costs and expenses and post judgment interest at the highest lawful rate on any award or verdict provided.

134.     In engaging in the unlawful employment practices described herein, Defendant acted in conscious and reckless disregard for Plaintiff's physical and emotional well-being and her protected civil rights. This reckless disregard will be established by evidence that Defendant knew

Electronically Filed - Platte - October 30, 2020 - 09:53 AM

of the harassment directed towards Plaintiff and failed to adequately remedy the situation and by evidence of its failure to properly investigate her complaints of harassment and discrimination.

135. The actions of Defendant were malicious, willful, wanton, and in complete indifference to Plaintiff's rights. These actions are sufficient to justify the award of punitive damages to deter Defendant and other similarly situated defendants from like conduct in the future.

WHEREFORE, Plaintiff prays that the Court award her actual, compensatory, statutory and punitive damages in an amount greater than $25,000, along with costs and expenses and such other relief, including pre-and post-judgment interest as applicable, an award of attorney's fees and litigation costs and expenses, and such other relief that the Court deems fair and just and as is lawful under the circumstances.

## COUNT VI – HOSTILE WORK ENVIRONMENT
### (Based on Sex – Title VII of the Civil Rights Act of 1964)

136. Plaintiff hereby incorporates each of her allegations above in this Petition for Damages as though they were set forth fully below.

137. Plaintiff, a female, is a member of a protected group pursuant to the Title VII of the Civil Rights Act of 1964. See 42 U.S.C. § 2000e-2.

138. Plaintiff was subjected to a work environment that was hostile and discriminatory based on and because of her gender and for reasons directly motivated by her sex or gender, in violation of the Title VII of the Civil Rights Act of 1964. See 42 U.S.C. § 2000e-2.

139. Specifically, while she was employed at ATS, Plaintiff was the subject of unwelcome harassment due to her disabilities in violation of Americans with Disabilities Act, at 42 U.S.C. § 12112 by Robert Tuggle and other employees.

140. Defendant Tuggle was a lead mechanic, he had supervisory power over Plaintiff. Additionally, even if Tuggle did not have authority to individually or personally affect her

employment at ATS, Plaintiff reasonably believed that Defendant Tuggle in fact had supervisory authority over her and the ability and power to significantly influence employment decisions affecting her, as set forth at 8 C.S.R. § 60-3.040(17)(D) and under applicable federal law.

141.    Plaintiff made several complaints to Defendant, through her supervisors, during her employment about Defendant Tuggle and the hostile work environment she endured.

142.    The hostile work environment and discrimination affected a term, condition, or privilege of Plaintiff's employment with Defendant, including the fact that Plaintiff was disciplined and then wrongfully terminated as set forth above because of and for reasons directly motivated by her sex and gender and disabilities.

143.    Defendant knew, because of Plaintiff's complaints or should have known of, the discrimination and hostility and failed to take or implement prompt and effective remedial action to remedy the hostile work environment and discrimination.

144.    Defendant maintained inadequate and ineffective written and unwritten policies, procedures, or guidelines with respect to discrimination and retaliation for reports of discrimination based on sex and gender and disabilities.

145.    Defendant maintained inadequate and ineffective written and unwritten policies, procedures, or guidelines with respect to the investigation of discrimination complaints for reports of discrimination based on sex or gender or disability and failed to reasonably investigate Plaintiff's complaints.

146.    As a direct, foreseeable, and proximate result of Defendant's unlawful acts and omissions, including the discrimination and hostile work environment described herein, Plaintiff has been caused to suffer: (a) economic loss, including lost wages, lost benefits, medical expenses, and related consequential damages; and (b) professional losses in the form of a job record

reflecting a termination, loss of employment, and a diminished career potential; and (c) mental distress and suffering in the form of embarrassment, humiliation, depression, and anxiety.

147.    Plaintiff has also incurred attorneys' fees and litigation costs and expenses. Pursuant to Title VII of the Civil Rights Act of 1964, at 42 U.S.C. §2000e-5, Plaintiff is entitled to and hereby requests an award of attorney's fees and litigation costs and expenses and post judgment interest at the highest lawful rate on any award or verdict provided.

148.    In engaging in the unlawful employment practices described herein, Defendant acted in conscious and reckless disregard for Plaintiff's physical and emotional well-being and her protected civil rights. This reckless disregard will be established by evidence that Defendant knew of the harassment directed towards Plaintiff and failed to adequately remedy the situation and by evidence of its failure to properly investigate her complaints of harassment and discrimination.

149.    The actions of Defendant were malicious, willful, wanton, and in complete indifference to Plaintiff's rights. These actions are sufficient to justify the award of punitive damages to deter Defendant and other similarly situated defendants from like conduct in the future.

WHEREFORE, Plaintiff prays that the Court award her actual, compensatory, statutory and punitive damages in an amount greater than $25,000, along with costs and expenses and such other relief, including pre-and post-judgment interest as applicable, an award of attorney's fees and litigation costs and expenses, and such other relief that the Court deems fair and just and as is lawful under the circumstances.

### COUNT VII – HOSTILE WORK ENVIRONMENT
**(Based on Disability – Americans with Disabilities Act)**

150.    Plaintiff hereby incorporates each of her allegations above in this Petition for Damages as though they were set forth fully below.

151.    Plaintiff, a disabled female, as set forth above, is a member of a protected group pursuant to the Americans with Disabilities Act at 42 U.S.C. §§ 12102 and 12112.

152.    Plaintiff was subjected to a work environment that was hostile and discriminatory based on and because of her disabilities and for reasons directly motivated by her disabilities, in violation of the Americans with Disabilities Act, at 42 U.S.C. § 12112.

153.    Specifically, while she was employed at ATS, Plaintiff was the subject of unwelcome harassment due to her disabilities in violation of Americans with Disabilities Act, at 42 U.S.C. § 12112 by Robert Tuggle and other employees.

154.    Specifically, while she was employed at ATS, Plaintiff was the subject of unwelcome harassment due to her disabilities in violation of Americans with Disabilities Act, at 42 U.S.C. § 12112 by Robert Tuggle and other employees.

155.    Defendant Tuggle was a lead mechanic, he had supervisory power over Plaintiff. Additionally, even if Tuggle did not have authority to individually or personally affect her employment at ATS, Plaintiff reasonably believed that Defendant Tuggle in fact had supervisory authority over her and the ability and power to significantly influence employment decisions affecting her, as set forth at 8 C.S.R. § 60-3.040(17)(D) and under applicable federal law.

156.    Plaintiff made several complaints to Defendant, through her supervisors, during her employment about Defendant Tuggle and the hostile work environment she endured.

157.    The hostile work environment and discrimination affected a term, condition, or privilege of Plaintiff's employment with Defendant, including the fact that Plaintiff was disciplined and then wrongfully terminated as set forth above because of and for reasons directly motivated by her disabilities.

26

158.     Defendant knew, because of Plaintiff's complaints or should have known of, the discrimination and hostility and failed to take or implement prompt and effective remedial action to remedy the hostile work environment and discrimination.

159.     Defendant maintained inadequate and ineffective written and unwritten policies, procedures, or guidelines with respect to discrimination and retaliation for reports of discrimination based on sex and gender and disabilities.

160.     Defendant maintained inadequate and ineffective written and unwritten policies, procedures, or guidelines with respect to the investigation of discrimination complaints for reports of discrimination based on sex or gender or disability and failed to reasonably investigate Plaintiff's complaints.

161.     As a direct, foreseeable, and proximate result of Defendant's unlawful acts and omissions, including the discrimination and hostile work environment described herein, Plaintiff has been caused to suffer: (a) economic loss, including lost wages, lost benefits, medical expenses, and related consequential damages; and (b) professional losses in the form of a job record reflecting a termination, loss of employment, and a diminished career potential; and (c) mental distress and suffering in the form of embarrassment, humiliation, depression, and anxiety.

162.     Plaintiff has also incurred attorneys' fees and litigation costs and expenses. Pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12205, Plaintiff is entitled to and hereby requests an award of attorney's fees and post judgment interest at the highest lawful rate on any award or verdict provided.

163.     In engaging in the unlawful employment practices described herein, Defendant acted in conscious and reckless disregard for Plaintiff's physical and emotional well-being and her protected civil rights. This reckless disregard will be established by evidence that Defendant knew

27

of the harassment directed towards Plaintiff and failed to adequately remedy the situation and by evidence of its failure to properly investigate her complaints of harassment and discrimination.

164.     The actions of Defendant were malicious, willful, wanton, and in complete indifference to Plaintiff's rights. These actions are sufficient to justify the award of punitive damages to deter Defendant and other similarly situated defendants from like conduct in the future.

WHEREFORE, Plaintiff prays that the Court award her actual, compensatory, statutory and punitive damages in an amount greater than $25,000, along with costs and expenses and such other relief, including pre-and post-judgment interest as applicable, an award of attorney's fees and litigation costs and expenses, and such other relief that the Court deems fair and just and as is lawful under the circumstances.

## COUNT VIII – RETALIATION
**(Based upon Plaintiff's Complaints of Sex and Disability Discrimination - Missouri Human Rights Act)**

165.     Plaintiff hereby incorporates each of her allegations above in this Petition for Damages as though they were set forth fully below.

166.     Plaintiff took legally protected action when she complained of and opposed the discriminatory treatment directed towards her by Defendant Tuggle and others by reporting it to Defendants on or about November 12, 2018, March 14, 2019, September 25, 2019, and September 27, 2019.

167.     Defendant took adverse actions against Plaintiff as a direct result of her engaging in this protected activity by disciplining Plaintiff on October 3, 2019 and then terminating Plaintiff on October 7, 2019.

168.     Defendant took adverse actions against Plaintiff as a direct result of her engaging in this protected activity by its failure to investigate her complaints of discrimination, unwelcome harassment, and the hostile work environment.

169.     This legally protected action and her complaints, her requests for accommodations to address the harassment, and her reporting that she had obtained an order of protection as against Defendant Tuggle, were the causes of and the motivating factors for the retaliation and retaliatory conduct directed towards Plaintiff.

170.     As a direct, foreseeable, and proximate result of Defendant's unlawful acts and omissions, including the discrimination and hostile work environment described herein, Plaintiff has been caused to suffer: (a) economic loss, including lost wages, lost benefits, medical expenses, and related consequential damages; and (b) professional losses in the form of a job record reflecting a termination, loss of employment, and a diminished career potential; and (c) mental distress and suffering in the form of embarrassment, humiliation, depression, and anxiety.

171.     Plaintiff has also incurred attorneys' fees and litigation costs and expenses. Pursuant to the Missouri Human Rights Act, Mo. Rev. Stat. § 213.111, Plaintiff is entitled to and hereby requests an award of attorney's fees and post judgment interest at the highest lawful rate on any award or verdict provided.

172.     In engaging in the unlawful employment practices described herein, Defendant acted in conscious and reckless disregard for Plaintiff's physical and emotional well-being and her protected civil rights. This reckless disregard will be established by evidence that Defendant knew of the harassment directed towards Plaintiff and failed to adequately remedy the situation and by evidence of its failure to properly investigate her complaints of harassment and discrimination.

Electronically Filed - Platte - October 30, 2020 - 09:53 AM

173.     The actions of Defendant were malicious, willful, wanton, and in complete indifference to Plaintiff's rights. These actions are sufficient to justify the award of punitive damages to deter Defendant and other similarly situated defendants from like conduct in the future.

WHEREFORE, Plaintiff prays that the Court award her actual, compensatory, statutory and punitive damages in an amount greater than $25,000, along with costs and expenses and such other relief, including pre-and post-judgment interest as applicable, an award of attorney's fees and litigation costs and expenses, and such other relief that the Court deems fair and just and as is lawful under the circumstances.

## COUNT IX – RETALIATION
**(Based upon Plaintiff's Complaints of Sex Discrimination – Title VII of the Civil Rights Act of 1964)**

174.     Plaintiff hereby incorporates each of her allegations above in this Petition for Damages as though they were set forth fully below.

175.     Plaintiff took legally protected action when she complained of and opposed the discriminatory treatment directed towards her by Defendant Tuggle and others by reporting it to Defendants on or about November 12, 2018, March 14, 2019, September 25, 2019, and September 27, 2019.

176.     Defendant took adverse actions against Plaintiff as a direct result of her engaging in this protected activity by disciplining Plaintiff on October 3, 2019 and then terminating Plaintiff on October 7, 2019.

177.     Defendant took adverse actions against Plaintiff as a direct result of her engaging in this protected activity by its failure to investigate her complaints of discrimination, unwelcome harassment, and the hostile work environment.

30

178.     This legally protected action and her complaints, her requests for accommodations to address the harassment, and her reporting that she had obtained an order of protection as against Defendant Tuggle, were the causes of and the motivating factors for the retaliation and retaliatory conduct directed towards Plaintiff.

179.     By its actions and inactions, Defendant willfully violated Title VII of the Civil Rights Act of 1964, at 42 U.S.C. § 2000e-2.

180.     As a direct, foreseeable, and proximate result of Defendant's unlawful acts and omissions, including the discrimination and hostile work environment described herein, Plaintiff has been caused to suffer: (a) economic loss, including lost wages, lost benefits, medical expenses, and related consequential damages; and (b) professional losses in the form of a job record reflecting a termination, loss of employment, and a diminished career potential; and (c) mental distress and suffering in the form of embarrassment, humiliation, depression, and anxiety.

181.     Plaintiff has also incurred attorneys' fees and litigation costs and expenses. Pursuant to Title VII of the Civil Rights Act of 1964, at 42 U.S.C. §2000e-5, Plaintiff is entitled to and hereby requests an award of attorney's fees and post judgment interest at the highest lawful rate on any award or verdict provided.

182.     In engaging in the unlawful employment practices described herein, Defendant acted in conscious and reckless disregard for Plaintiff's physical and emotional well-being and her protected civil rights. This reckless disregard will be established by evidence that Defendant knew of the harassment directed towards Plaintiff and failed to adequately remedy the situation and by evidence of its failure to properly investigate her complaints of harassment and discrimination.

Electronically Filed - Platte - October 30, 2020 - 09:53 AM

183.    The actions of Defendant were malicious, willful, wanton, and in complete indifference to Plaintiff's rights. These actions are sufficient to justify the award of punitive damages to deter Defendant and other similarly situated defendants from like conduct in the future.

WHEREFORE, Plaintiff prays that the Court award her actual, compensatory, statutory and punitive damages in an amount greater than $25,000, along with costs and expenses and such other relief, including pre-and post-judgment interest as applicable, an award of attorney's fees and litigation costs and expenses, and such other relief that the Court deems fair and just and as is lawful under the circumstances.

<div align="center">

**COUNT X – RETALIATION**
**(Based upon Plaintiff's Complaints of Disability Discrimination – Americans with Disabilities Act)**

</div>

184.    Plaintiff hereby incorporates each of her allegations above in this Petition for Damages as though they were set forth fully below.

185.    Plaintiff took legally protected action pursuant to 42 U.S.C. § 12203 when she complained of and opposed the discriminatory treatment directed towards her by Tuggle and her coworkers by reporting it to Defendant on or about November 12, 2018, March 14, 2019, September 25, 2019 and September 27, 2019.

186.    Defendant took adverse actions against Plaintiff as a direct result of her engaging in this protected activity by disciplining Plaintiff on October 3, 2019 and then terminating Plaintiff on October 7, 2019.

187.    Defendant took adverse actions against Plaintiff as a direct result of her engaging in this protected activity by its failure to investigate her complaints of discrimination, unwelcome harassment, and the hostile work environment.

Electronically Filed - Platte - October 30, 2020 - 09:53 AM

188.     This legally protected action and her complaints, her requests for accommodations to address the harassment, and her reporting that she had obtained an order of protection as against Defendant Tuggle, were the causes of and the motivating factors for the retaliation and retaliatory conduct directed towards Plaintiff.

189.     As a direct, foreseeable, and proximate result of Defendant's unlawful acts and omissions, including the discrimination and hostile work environment described herein, Plaintiff has been caused to suffer: (a) economic loss, including lost wages, lost benefits, medical expenses, and related consequential damages; and (b) professional losses in the form of a job record reflecting a termination, loss of employment, and a diminished career potential; and (c) mental distress and suffering in the form of embarrassment, humiliation, depression, and anxiety.

190.     Plaintiff has also incurred attorneys' fees and litigation costs and expenses. Pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12205, Plaintiff is entitled to and hereby requests an award of attorney's fees and post judgment interest at the highest lawful rate on any award or verdict provided.

191.     In engaging in the unlawful employment practices described herein, Defendant acted in conscious and reckless disregard for Plaintiff's physical and emotional well-being and her protected civil rights. This reckless disregard will be established by evidence that Defendant knew of the harassment directed towards Plaintiff and failed to adequately remedy the situation and by evidence of its failure to properly investigate her complaints of harassment and discrimination.

192.     The actions of Defendant were malicious, willful, wanton, and in complete indifference to Plaintiff's rights. These actions are sufficient to justify the award of punitive damages to deter Defendant and other similarly situated defendants from like conduct in the future.

WHEREFORE, Plaintiff prays that the Court award her actual, compensatory, statutory and punitive damages in an amount greater than $25,000, along with costs and expenses and such other relief, including pre-and post-judgment interest as applicable, an award of attorney's fees and litigation costs and expenses, and such other relief that the Court deems fair and just and as is lawful under the circumstances.

## JURY TRIAL DEMAND

Plaintiff respectfully requests a jury trial on all claims so triable.

Dated: October 30, 2020

Respectfully Submitted,

HODES LAW FIRM, LLC

By: _____
Garrett M. Hodes - Mo. Bar. #50221
900 Westport Road, 2nd Floor
Kansas City, Missouri 64111
(816) 931-1718 (Phone)
(816) 994-6276 (Fax)
garrett@hodeslawfirm.com

ATTORNEY FOR PLAINTIFF

34

# Exhibit 1

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 563-2020-01213 |

**Missouri Commission On Human Rights** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Shuping Shen** | **(816) 491-6498** | |

| Street Address | City, State and ZIP Code |
|---|---|
| 9908 E. Winner Road, Independence, MO 64052 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **AVIATION TECHNICAL SERVICES** | **15 - 100** | **(816) 800-8604** |

| Street Address | City, State and ZIP Code |
|---|---|
| 11268 N Convair Drive, Kansas City, MO 64153 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

2020 FEB 11 :: 35 *(stamped text)*

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **03-18-2019**  Latest: **10-03-2019**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired in January 2018, as a Warehouse Logistical Assistant. I always performed my job duties successfully and I was never disciplined. I have a disability that is episodic and as a result I requested Family Medical Leave. Management and human resources were aware of my disability. I sought medical attention in March, August and September 2019. On September 23, 2019, the last time I sought medical attention, I was released to return to work without restrictions. On or around September 27, 2019, my ex-boyfriend, who also works for the company, attempted to have a conversation with me. I complained to human resources that he was sexually abusive towards me. I also provided human resources with an audio of my ex-boyfriend being abusive towards me and requested that he not have any contact with me. I also provided human resources a copy of the police protective order that I had against my ex-boyfriend. Because of my disability, I was sent home with pay. I returned to work on September 28 and September 29, 2019, and worked without incident. On October 3, 2019, I was discharged.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Feb 24, 2020 — *Shuping Shen* *(signature)*
Date — Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

Electronically Filed - Platte - October 30, 2020 - 09:53 AM

Electronically Filed - Platte - October 30, 2020 - 09:53 AM

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 563-2020-01213 |

| **Missouri Commission On Human Rights** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

Management told me that I was being discharged because of threats that my ex-boyfriend stated I made against him.

I believe I was discharged because of my sex, female, disability and in retaliation for complaining about my ex-boyfriend's sexual abuse, in violation of Title VII of the Civil Rights Act of 1964, as amended and the Americans with Disabilities Act Amendments Act of 2008, (ADAAA).

2020 FEB 24 AM 11: 36

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Feb 24, 2020** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| *Date*          *Charging Party Signature* | |

Electronically Filed - Platte - October 30, 2020 - 09:53 AM

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| MICHAEL L. PARSON | ANNA S. HUI | MARTHA STAGGS | ALISA WARREN, PH.D. |
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

FE-2/20-31680
Administrative Use/Records

February 27, 2020

Shuping Shen
9908 E. Winner Road
Independence, MO 64052

RE: Shen vs. Aviation Technical Services
FE-2/20-31680    563-2020-01213

This is to inform you that when you filed your complaint with the Equal Employment Opportunity Commission (EEOC) it was also filed with the Missouri Commission on Human Rights (MCHR).

**This complaint will be investigated by the EEOC.** You are encouraged to cooperate fully in the investigation. An investigator from that agency will be in contact with you.

The Missouri Human Rights Act provides that you may request a right to sue letter. Such a letter would allow you to file suit in state court against the Respondent named in your complaint using your own resources. MCHR closes its case when it issues a right to sue letter.

If MCHR adopts EEOC's finding and closes your complaint, then you will not be able to get a right to sue letter from MCHR. If you want a right to sue letter, then you may request one in writing at any time. If you have requested a right to sue letter and MCHR has not completed its administrative processing of your complaint after it has been on file for over 180 days, then MCHR will issue your right to sue letter.

Respectfully,

*Terry Old*
*Information Support Coordinator*
*Missouri Commission on Human Rights - Kansas City*
*Terry.Old@Labor.Mo.Gov*

| ☐ | ☐ | ☒ | ☐ |
| --- | --- | --- | --- |
| 3315 WEST TRUMAN BLVD., SUITE 212 | 111 N. 7TH STREET, SUITE 903 | 1410 GENESSEE, SUITE 260 | 106 ARTHUR STREET, SUITE D |
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | KANSAS CITY, MO 64102-1047 | SIKESTON, MO 63801-5454 |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | FAX: 816-889-3582 | FAX: 573-472-5321 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | |
| FAX: 573-751-2905 | | | |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

# Exhibit 2

# MISSOURI COMMISSION ON HUMAN RIGHTS

| **MICHAEL L. PARSON** | **ANNA S. HUI** | **MARTHA STAGGS** | **ALISA WARREN, PH.D.** |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

Shuping Shen
P.O. Box 143
Farley, MO 64028
*Via email*

RE:   Shen vs. Aviation Technical Services
      FE-2/20-31680     563-2020-01213

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren Ph.D.                          September 21, 2020
Executive Director                          Date

Aviation Technical Services                 Garrett M. Hodes
11268 N. Convair Drive                      Hodes Law Firm, LLC
Kansas City, MO 64153                       900 Westport Road, 2nd Floor
                                            Kansas City, MO 64111
                                            *Via email*

| JEFFERSON CITY OFFICE | ST. LOUIS OFFICE | KANSAS CITY OFFICE ☑ | SIKESTON OFFICE |
|---|---|---|---|
| 3315 WEST TRUMAN BLVD., SUITE 212 | 111 N. 7TH STREET, SUITE 903 | P.O. BOX 1129 | 106 ARTHUR STREET, SUITE D |
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | JEFFERSON CITY, 65102-1129 | SIKESTON, MO 63801-5454 |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | PHONE: 816-889-3582 | FAX: 573-472-5321 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | |
| FAX: 573-751-2905 | | | |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

**Exhibit 3**

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Mr. Shuping Shen**<br>9908 E. Winner Road<br>Independence, MO 64052 | From: | **Kansas City Area Office**<br>**Gateway Tower II**<br>**400 State Avenue, Suite 905**<br>**Kansas City, KS 66101** |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **563-2020-01213** | **Faye Watts,**<br>**Investigator** | **(913) 551-5841** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of** your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*[signature]* for;

**Natascha Deguire,**
**Area Office Director**

8/11/2020

*(Date Mailed)*

Enclosures(s)

cc:
**AVIATION TECHNICAL SERVICES**
**Ms. Riki Donner**
**Human Resource Director**
**11268 N. Convair Drive**
**Kansas City, MO 64153**


RECEIVED
AUG 2 9 2020
By EEOC

Electronically Filed - Platte - October 30, 2020 - 09:53 AM

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI**

SHUPING "GRACE" SHEN,

                Plaintiff,

v.

AVIATION TECHNICAL SERVICES, INC.,

                Defendant.

Case No.: 20AE-CC00296

Division: 1

## <u>REQUEST FOR ISSUANCE OF SUMMONS IN CIVIL CASE</u>

Plaintiff respectfully requests that the Clerk issue a new Summons in a Civil Case for service on Defendant Aviation Technical Services, Inc. using the following corrected address for Plaintiff's Counsel:

        Garrett M. Hodes
        HODES LAW FIRM, LLC
        900 Westport Road, 2nd Floor
        Kansas City, Missouri 64111

The Summons that was previously issued by the Court uses an incorrect address for Plaintiff's Counsel.

Dated: October 30, 2020

Respectfully Submitted,

HODES LAW FIRM, LLC

By: _____
Garrett M. Hodes - Mo. Bar. #50221
900 Westport Road, 2nd Floor
Kansas City, Missouri 64111
(816) 931-1718 (Phone)
(816) 994-6276 (Fax)
garrett@hodeslawfirm.com

ATTORNEY FOR PLAINTIFF



# IN THE 6TH JUDICIAL CIRCUIT, PLATTE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>THOMAS C FINCHAM | **Case Number: 20AE-CC00296** |
| Plaintiff/Petitioner:<br>SHUPING SHEN | Plaintiff's/Petitioner's Attorney/Address<br>GARRETT MARK HODES<br>214 NE 103RD ST<br>214 NE 103RD ST<br>KANSAS CITY, MO  64155 |
| vs. | |
| Defendant/Respondent:<br> Aviation Technical Services (11268) | Court Address:<br>415 3RD STREET<br>SUITE 5<br>PLATTE CITY, MO  64079 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  Aviation Technical Services (11268)
**Alias:**

**11268 N Convair Dr**
**KANSAS CITY, MO  64153**

*COURT SEAL OF*



*PLATTE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| | |
|---|---|
| _October 30, 2020_ | Kimberly K Johnson CC<br>_by Kristina M Melton DC_ |
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                                    Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                          Date                                                          Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 5:20-cv-06173-GAF   Document 1-1   Filed 12/02/20   Page 47 of 54

 **IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI**

### NOTICE
### SETTING ON CALENDAR

STATE OF MISSOURI   )
           ) ss
COUNTY OF PLATTE   )

CASE NO:     20AE-CC00296
NATURE OF SUIT: CC Employmnt Discrmntn 213.111

SHUPING SHEN
Plaintiff/Petitioner

   v.

 Aviation Technical Services (11268)
Defendant/Respondent

TO:

| SHUPING SHEN 107 MAIN ST PO BOX 143 FARLEY, MO 64028 | Aviation Technical Services (11268) 11268 N Convair Dr KANSAS CITY, MO 64153 | GARRETT MARK HODES 214 NE 103RD ST 214 NE 103RD ST KANSAS CITY, MO 64155 | |
|---|---|---|---|

   You are hereby notified that the referenced case has been set on the calendar as follows:

      Division:  DIVISION 1 COURT ROOM
      Date:   05-FEB-2021
      Time:   09:00 AM
      Setting:

Date: 30-OCT-2020

           Kimberly K. Johnson
           Circuit Clerk, Platte County

                44935842.1

Electronically Filed - Platte - October 30, 2020 - 09:53 AM

**IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI**

SHUPING "GRACE" SHEN,

               Plaintiff,

v.

AVIATION TECHNICAL SERVICES, INC.,

               Defendant.

Case No.:

Division:

> *FILED*
> *10/30/2020*
> *01:18 PM*
> *KIMBERLY K JOHNSON*
> *CIRCUIT CLERK*
> *PLATTE COUNTY, MO*

## ORDER APPOINTING SPECIAL PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Order Appointing Special Process Server is sustained and the below named individuals are hereby appointed to serve process in the above-captioned matter.

| | | | |
|---|---|---|---|
| Jan Adams | Roger Adams | Joseph Baska | Fidel Cervantes |
| Dennis Dahlberg | Mary Dahlberg | Robert Finley | Darnell Hamilton |
| Grace Hazell | Michael Hibler | Martin Hueckel | JoAnn Lane |
| Joni Lane | Robert Manning | Susie Martin | Michael McMahon |
| Jenna Mendoza | Trinity Olson | Angela Reed | Christopher Reed |
| Cheryl Richey | David Roberts | Nathaniel Scott | Christina Tiffany |
| Robert E. Vick, II | Bradley Votaw | Ariel Wilson | Jerry Wooten |

PLATTE COUNTY CIRCUIT CLERK
Kimberly K Johnson CC

Kristina M Melton DC

October 30, 2020

Date

By: Deputy Clerk

Electronically Filed - Platte - October 30, 2020 - 09:53 AM

## IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI

SHUPING "GRACE" SHEN,

                Plaintiff,

v.

AVIATION TECHNICAL SERVICES, INC.,

                Defendant.

Case No.:

Division:

## MOTION FOR APPROVAL AND APPOINTMENT OF SPECIAL PROCESS SERVER

COMES NOW Plaintiff and requests an order appointing Special Process Servers employed by/or an Agent of HPS Process Service & Investigations, Inc.:

| | | | |
|---|---|---|---|
| Jan Adams | Roger Adams | Joseph Baska | Fidel Cervantes |
| Dennis Dahlberg | Mary Dahlberg | Robert Finley | Darnell Hamilton |
| Grace Hazell | Michael Hibler | Martin Hueckel | JoAnn Lane |
| Joni Lane | Robert Manning | Susie Martin | Michael McMahon |
| Jenna Mendoza | Trinity Olson | Angela Reed | Christopher Reed |
| Cheryl Richey | David Roberts | Nathaniel Scott | Christina Tiffany |
| Robert E. Vick, II | Bradley Votaw | Ariel Wilson | Jerry Wooten |

of HPS Process Service & Investigations, Inc., as special process servers in the above-captioned matter to serve the Petition and Summons on Defendant Aviation Technical Services, Inc.

Dated: October 30, 2020

Respectfully Submitted,

HODES LAW FIRM, LLC

By: _____
Garrett M. Hodes - Mo. Bar. #50221
900 Westport Road, 2nd Floor
Kansas City, Missouri 64111
(816) 931-1718 (Phone)
(816) 994-6276 (Fax)
garrett@hodeslawfirm.com

ATTORNEY FOR PLAINTIFF

Electronically Filed - Platte - October 30, 2020 - 09:53 AM

**IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI**

SHUPING "GRACE" SHEN,

Plaintiff,

v.

AVIATION TECHNICAL SERVICES, INC.,

Defendant.

Case No.:

Division:

**ORDER APPOINTING SPECIAL PROCESS SERVER**

It is hereby ordered that Plaintiff's Motion for Order Appointing Special Process Server is sustained and the below named individuals are hereby appointed to serve process in the above-captioned matter.

| | | | |
|---|---|---|---|
| Jan Adams | Roger Adams | Joseph Baska | Fidel Cervantes |
| Dennis Dahlberg | Mary Dahlberg | Robert Finley | Darnell Hamilton |
| Grace Hazell | Michael Hibler | Martin Hueckel | JoAnn Lane |
| Joni Lane | Robert Manning | Susie Martin | Michael McMahon |
| Jenna Mendoza | Trinity Olson | Angela Reed | Christopher Reed |
| Cheryl Richey | David Roberts | Nathaniel Scott | Christina Tiffany |
| Robert E. Vick, II | Bradley Votaw | Ariel Wilson | Jerry Wooten |

PLATTE COUNTY CIRCUIT CLERK

_____________________ Date

_____________________ By: Deputy Clerk



# IN THE 6TH JUDICIAL CIRCUIT, PLATTE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>THOMAS C FINCHAM | **Case Number: 20AE-CC00296** |
| Plaintiff/Petitioner:<br>SHUPING SHEN | Plaintiff's/Petitioner's Attorney/Address<br>GARRETT MARK HODES<br>900 WESTPORT ROAD<br>2ND FLOOR<br>KANSAS CITY, MO 64111 |
| vs. | |
| Defendant/Respondent:<br> Aviation Technical Services (11268) | Court Address:<br>415 3RD STREET<br>SUITE 5<br>PLATTE CITY, MO 64079 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** Aviation Technical Services (11268)<br>**Alias:**<br>**NATIONAL REGISTERED AGENTS INC**<br>**120 SOUTH CENTRAL AVE**<br>**CLAYTON, MO 63105** | |
| *COURT SEAL OF*<br><br>*PLATTE COUNTY* | **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.** |

| *Monday, November 02, 2020* | */s/ Kimberly K. Johnson C.C. by Lindsey D. Burris D.C.* |
|---|---|
| Date | Clerk |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ at _____ (time).

_____     _____
    Printed Name of Sheriff or Server            Signature of Sheriff or Server
         **Must be sworn before a notary public if not served by an authorized officer:**

       *(Seal)*        Subscribed and sworn to before me on _____ (date).

           My commission expires: _____     _____
                                      Date                              Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 20-SMCC-575**    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05,<br>54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:20-cv-06173-GAF   Document 1-1   Filed 12/02/20   Page 52 of 54

Electronically Filed - Platte - November 09, 2020 - 01:45 PM

<u>AFFIDAVIT OF SERVICE</u>

State of Missouri                    County of Platte                    Circuit Court

Case Number: 20AE-CC00296

Plaintiff/Petitioner:
SHUPING "GRACE" SHEN

vs.

Defendant/Respondent:
AVIATION TECHNICAL SERVICES, INC.

Received by HPS Process Service & Investigations to be served on **Aviation Technical Services, Inc., c/o National Registered Agents, Inc., 120 South Central Avenue, Clayton, MO 63105.**

I, MARTIN HUECKEL, being duly sworn, depose and say that on the 3rd day of November, 2020 at 12:24 pm, I:

Served the within named establishment by delivering a true copy of **Summons in Civil Case; Petition for Damages; Exhibits 1-3; Motion for Approval and Appointment of Special Process Server; Order Appointing Special Process Server; and Notice Setting on Calendar to Bonnie Love, intake Specialist at the address of 120 South Central Avenue, Clayton, MO 63105.**

I am over the age of eighteen, and have no interest in the above action.

Subscribed and Sworn to before me on the 5 day
of _November 2020_ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

SHELBY ROBERTS
My Commission Expires
January 28, 2023
St. Louis County
Commission #19503679

_____
MARTIN HUECKEL
Process Server

HPS Process Service & Investigations
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2020020991

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t



**IN THE 6TH JUDICIAL CIRCUIT, PLATTE COUNTY, MISSOURI**

Electronically Filed - Platte - November 09, 2020 - 01:45 PM

| | |
|---|---|
| Judge or Division:<br>THOMAS C FINCHAM | Case Number: 20AE-CC00296 |
| Plaintiff/Petitioner:<br>SHUPING SHEN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>GARRETT MARK HODES<br>900 WESTPORT ROAD<br>2ND FLOOR<br>KANSAS CITY, MO 64111 |
| Defendant/Respondent:<br>Aviation Technical Services (11268)<br>Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | Court Address:<br>415 3RD STREET<br>SUITE 5<br>PLATTE CITY, MO 64079 |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: Aviation Technical Services (11268)
**Alias:**

NATIONAL REGISTERED AGENTS INC
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

*COURT SEAL OF*

*PLATTE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

___ *Monday, November 02, 2020* ___  /s/ Kimberly K. Johnson C.C. by Lindsey D. Burris D.C. ___
Date                                   Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _Bruce Cole_ (name) _Intake Spec_ (title).

☐ other: _____.

Served at _120 S. Central Ave. Clayton, MO 63105_ (address)

in _St Louis_ (County/City of St. Louis), MO, on _11/3/2020_ (date) at _12:24pm_ (time).

_Martin Howell_ _Martin Howell_
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _11/5/2020_ (date).

*(Seal)*

My commission expires: _1/28/23_  _Shelby Roberts_
Date                          Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | ( ___ miles @ $. ___ per mile) |
| Total | $ | |

SHELBY ROBERTS
My Commission Expires
January 28, 2023
St Louis County
Commission #19503579

NOTARY PUBLIC
NOTARY
SEAL
OF MISSOURI

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 5:20-cv-06175-GAF   Document 1-1   Filed 12/02/20   Page 54 of 54